UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN ALLEN COTTRELL,

    Plaintiff,

v.

THURSTON COUNTY JAIL,
THURSTON COUNTY MEDICAL UNIT,

    Defendants.

CASE NO. C16-5079 RBL-KLS

ORDER TO SHOW CAUSE OR TO AMEND

Before the Court for review is Plaintiff Shawn Allen Cottrell's proposed civil rights complaint. Dkt. 6. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 5. The Court has determined that it will not direct service of plaintiff's complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by March 25, 2016**.

## BACKGROUND

Plaintiff is incarcerated at the Spokane County Jail. He purports to sue the Thurston County Jail and the Thurston County Jail Medical Unit for failing to provide him with HIV medications from February to April of 2008. He names no individual defendants.

ORDER TO SHOW CAUSE OR TO AMEND- 1

1    Plaintiff alleges that, at some time prior to 2008, he was diagnosed with HIV while he
2 was incarcerated at the Thurston County Jail.  After he was released from jail, he began HIV
3 medications at a treatment facility in Spokane.  He then moved back to Thurston County, where
4 he was arrested and his medications were taken from him.  Dkt. 6, at 3-4.

5    Plaintiff arrived at the Thurston County Jail on February 8, 2008 and remained there until
6 approximately April 17, 2008.  During this time, he was not given his medications.  In "March to
7 April" he was sent to an HIV doctor in Lacey, Washington.  The doctor drew labs and told
8 plaintiff that his HIV numbers (viral loads) were fine and he did not need to receive HIV
9 treatment medications.  Plaintiff alleges that his numbers were fine only because he had been
10 consistently taking his medication up to the time of his arrest.  *Id.*, at 5.

11    When plaintiff arrived at the Washington Corrections Center (WCC) in April 2008, he
12 suffered from severe stomach pain, night sweats, fatigue, dizziness omitting, diarrhea, fungal
13 infection, rash, serious cold, and severe migraines.  Plaintiff attributes these symptoms to when
14 Thurston County refused to provide him with his HIV medications from February to April 2008.
15 *Id.*, at 6.

16    In mid-April 2008, lab work was performed at the WCC and plaintiff was restarted on
17 HIV medications.  However, he alleges that "not having them since February 2008 had already
18 started my body on a path to resistance to those medications a short time later I was forced to
19 switch medications because of the Thurston County 'denial of medications' knocking out related
20 ingredient medications, (i.e. shortening my life span)."  *Id.*, at 6.  Plaintiff contends that because
21 the Thurston County doctor and Thurston County Jail knew that HIV medications are expensive
22 and that refusing to give him the mediations would place adverse reactions on his resistance to
23 medications, they are guilty of attempted murder.  *Id*.

24

1   Plaintiff contends his claims fall within the eight year cap on medical malpractice/
2 negligence brought against medical licensed facilities, and that there is no statute of limitations
3 for attempted murder or serious assaults and battery. *Id.*, at 9. Plaintiff seeks $70 million dollars
4 in damages. *Id.*, p. 10.

## DISCUSSION

6   The Court declines to serve the complaint because it contains fatal deficiencies that, if not
7 addressed, might lead to a recommendation of dismissal of the entire action for failure to state a
8 claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

9   Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff
10 must allege facts showing (1) the conduct about which he complains was committed by a person
11 acting under the color of state law; and (2) the conduct deprived him of a federal constitutional
12 or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a
13 valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the
14 conduct of a particular defendant, and he must allege an affirmative link between the injury and
15 the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.   Statute of Limitations**

17   In his complaint, plaintiff seeks relief for conduct occurring seven years ago. The Civil
18 Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of
19 limitations from the state cause of action most like a civil rights act is used. In Washington, a
20 plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW
21 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174
22 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know
23 of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996);
24 see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992.

The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

From the allegations stated in Plaintiff's complaint, it appears that he had actual notice of the alleged "path to resistance" to the HIV medications in April 2008, when he was tested and began receiving the medications again at the WCC. Plaintiff's contention that his claims fall within the eight year cap for medical malpractice or no cap for attempted murder do not apply to claims brought under 42 U.S.C. § 1983. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.) Attempted murder is a criminal offense which must be prosecuted through the state prosecutor's office.

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs, and that claim must be brought within the three year statute of limitations. Therefore, plaintiff must show cause why his claims are timely and why they should not be dismissed.

**B.     Failure to Name Proper Parties**

Plaintiff names the Thurston County Jail as a party. The Thurston County Jail is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of "persons" acting under color of state law. The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Municipalities are subject to suit

under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (the Seattle Police Department is not a legal entity capable of being sued under § 1983).

Similarly, plaintiff cannot sue the entire "Thurston County Medical Staff." Instead, he must name a particular defendant or defendants and he must also be able to allege facts sufficient to show that the particular defendant or defendants caused or personally participated in causing the deprivation of a particular protected constitutional right.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before March 25, 2016.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

1 | or more civil actions or appeals which are dismissed on grounds they are legally frivolous,
2 | malicious, or fail to state a claim, will be precluded from bringing any other civil action or
3 | appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical
4 | injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

**DATED** this 25th day of February, 2016.

Karen L. Strombom
United States Magistrate Judge