UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN ALLEN COTTRELL,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOES 1-25, et al.,<br><br>　　　　　　　　　Defendants. | No. C16-5079 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: March 3, 2017** |

On February 25, 2016, the Court declined to serve Plaintiff Shawn Allen Cottrell's civil rights complaint (Dkt. 6) because of several noted deficiencies. Dkt. 7. However, the Court granted plaintiff leave to file an amended complaint, and numerous extensions of time within which to do so, to cure the deficiencies or to show cause why his complaint should not be dismissed. Dkts. 10 and 12. Plaintiff's amended complaint was finally filed on December 14, 2016. The amended complaint is deficient. The undersigned recommends that this action be dismissed without prejudice prior to service because plaintiff has failed to state a claim under 42 U.S.C. § 1983, and the dismissal counted as a strike under 28 U.S.C. § 1915(g).

**DISCUSSION**

Plaintiff is incarcerated at the Coyote Ridge Corrections Center. In his amended complaint he purports to sue John Does 1-25, Unnamed Medical Personnel, Outside John Doe 1-3, and Thurston County. Dkt. 14. He alleges that he was on HIV medications prior to his

REPORT AND RECOMMENDATION - 1

incarceration at the Thurston County Jail ("TCJ").  Between February and April of 2008, while he was incarcerated at TCJ, he was denied HIV medication by jail medical personnel and that the missed dosages caused him "to move into resistance."  Dkt. 14, at 3.  He contends that he "discovered" after the statute of limitations had expired, that medical injuries (chronic headache, bone pains, nerve problems, leg infections, bowel problems, stomach pain, vision problems, dizziness and mental health issues) he later incurred and which are ongoing were directly linked to actions taken by "unknown medical staff" during his incarceration at the TCJ.  *Id.*, at 4-5.  He further alleges that the denial of his medication by these unidentified medical staff was due to the high costs of the HIV medication and a budgetary shortfall at the TCJ.

Plaintiff has not identified any individual defendant.  He seeks damages from "each defendant" of $50,000.00 and punitive damages of $2.5 million.  *Id.*, at 7.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Statute of Limitations**

In his complaint, plaintiff seeks relief for conduct allegedly occurring seven years ago.  The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations.  As such, the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a

REPORT AND RECOMMENDATION - 2

plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), *quoting Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir.1984).

After the Court directed plaintiff to show that his claims were not untimely, plaintiff now contends in his amended complaint that he "discovered" after the statute of limitations had expired that his medical injuries were linked to actions taken between February and April 2008 by unknown medical staff at TCJ. However, he does not state when this "discovery" was made. The Court notes that in his original verified complaint, plaintiff stated that he was tested and began receiving HIV medications again at the Washington Correction Center in April 2008 (Dkt. 6, at 6). He also claimed that when he arrived at the WCC in April 2008, he was suffering from severe stomach pain, night sweats, fatigue, dizziness omitting, diarrhea, fungal infection, rash, serious cold, and severe migraines – all of which he attributed to when he was denied his HIV medications from February to April 2008. *Id.*, at 6 ("not having them [HIV medications] since February 2008 had already started my body on a path to resistance to those medications a short time later I was forced to switch medications because of the Thurston County 'denial of

REPORT AND RECOMMENDATION - 3

medications' knocking out related ingredient medications, (i.e. shortening my life span).") *Id.*, at 6.

Plaintiff's allegations show that he had actual notice of the alleged "path to resistance" and was suffering injuries he attributed to the lack of HIV medications in April 2008, when he was tested and began receiving the medications again at the WCC. Plaintiff was advised to allege facts showing why his claims are timely and why they should not be dismissed. He has failed to do so. Even if the Court allowed plaintiff to move forward on these claims and make some "discovery" argument, plaintiff has failed to state a viable claim against any named defendant.

**B.      Thurston County – Municipal Liability**

Plaintiff names Thurston County as a defendant but there are no factual allegations in the amended complaint against Thurston County. To state a claim against a municipality under § 1983, a plaintiff must allege sufficient facts to support a reasonable inference that the execution of a policy, custom, or practice was the "moving force" that resulted in the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).

There are three established scenarios in which a municipality may be liable for constitutional violations under § 1983. "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting *Monell*, 436 U.S. at 708, 98 S.Ct. 2018). Second, plaintiff can prevail on a § 1983 claim against the County by identifying acts of omission, such as a pervasive failure to train its employees, "when such omissions amount to the local government's own official policy." *Id*. Finally, the County "may be held liable under § 1983 when 'the individual who committed the constitutional tort was

REPORT AND RECOMMENDATION - 4

an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier*, 591 F.3d at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (internal quotation marks and citations omitted)).

Plaintiff has alleged no facts to support a theory of municipal liability under § 1983. Therefore, his claim against Thurston County should be dismissed.

**C.     Unidentified Defendants**

Plaintiff was previously advised that he cannot sue the entire "Thurston County Medical Staff," but instead, he must name a particular defendant or defendants and he must also be able to allege facts sufficient to show that the particular defendant or defendants caused or personally participated in causing the deprivation of a particular protected constitutional right.  In his Amended Complaint, plaintiff fails to identify even one individual defendant.  Instead he names "John Does 1-25", "Unnamed Medical Personnel", and "Outside John Doe 1-3".  This Court has no jurisdiction and cannot serve a complaint on unidentified and unnamed individuals.

**CONCLUSION**

Although plaintiff was given guidance and ample opportunity to amend his complaint to state a viable constitutional claim, he has failed to do so.  Plaintiff's complaint should be dismissed without prejudice on the grounds that it fails to state a claim upon which relief may be granted, and the dismissal counted as a strike under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the

REPORT AND RECOMMENDATION - 5

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 3, 2017,** as noted in the caption.

DATED this 8th day of February, 2017.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6